## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| SHANTA NOWELL | CIVIL ACTION NO.: |
| VERSUS | 5:23-cv-60 |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY | |

## COMPLAINT

### I. PARTIES

1. Plaintiff, **Shanta Nowell**, is a person of the full age of majority, and a resident of Wake County, North Carolina.

2. Defendant, **The Lincoln National Life Insurance Company ("Lincoln")**, is a foreign corporation authorized to do and doing business in this judicial district.

### II. JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this suit involves questions of federal law, namely the Employee Retirement Income Security Act of 1974 ("ERISA").

4. Venue is proper in this district under 28 U.S.C. §1391(b) because the relevant ERISA Plan was established and is administered in this district, Defendant is found in this district, and a substantial part of the events giving rise to the claim occurred in this district.

## III.   FACTS & ALLEGATIONS

5. Decedent, Rodney Goodman, was at all relevant times a participant of the Whataburger Restaurants LLC Welfare Benefit Plan ("the Plan").

6. Defendant, **Lincoln**, acted at all relevant times as a fiduciary of the Plan by virtue of being under contract to insure the Plan and provide certain claims services relevant here.

7. Defendant, **Lincoln**, insured the Plan and Plaintiff as beneficiary for all benefits at issue here through an insurance policy ("the Policy").

8. Among other benefits, the Plan and the Policy provided for Plaintiff to receive Accidental Death and Dismemberment insurance benefits in the event of accidental death of Rodney Goodman.

9. At all relevant times, Decedent was the son of Plaintiff.

10. On March 25, 2022, decent died by accident as defined by the Plan and the Policy. More specifically, he died as a direct result of injuries sustained in a motor vehicle accident, not contributed to by any physical or mental illness or the diagnosis or treatment of same.

11. Despite receiving overwhelming proof that Plaintiff qualified for benefits under the Plan and the Policy terms, Defendant, **Lincoln**, arbitrarily and capriciously refused to pay benefits Plaintiff is entitled to receive under the terms of the Plan and the Policy.

12. Plaintiff provided timely application for benefits and proof of loss as required by the Plan and the Policy.

13. Plaintiff incurred attorney's fees in order to pursue benefits under the Plan and Policy.

14. Plaintiff is entitled to judgment awarding accidental death benefits owed under the terms of the Plan and Policy from Defendant, **Lincoln**.

15. Plaintiff is entitled to judgment awarding reasonable attorney fees incurred in pursuit of these claims from Defendant, **Lincoln**.

16. The standard of review of Plaintiff's claims herein is *de novo*, due to the ban of discretionary clauses under applicable state law.

17. A preponderance of the evidence demonstrates that Decedent's death was accidental, not excluded, and entitles Plaintiff to the benefits **Lincoln** denied under the terms of the Plan and Policy.

**WHEREFORE**, Plaintiff **SHANTA NOWELL**, prays for judgment against Defendant, **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** as follows:

1. For all benefits due Plaintiff under terms of the Plan and the Policy, plus appropriate pre- and post-judgment interest;
2. For all reasonable attorney's fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully Submitted,

s/J. Price McNamara
_____
**J. PRICE McNAMARA**
Bar Nos: LA 20291 & TX 24084626
10455 Jefferson Highway, Ste. 2B
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-612-6973
price@jpricemcnamara.com
Attorney for Complainant

**SERVICE**
Complaint will be served upon agent for service for defendant(s) by Certified Mail with request for Waiver of Service of Summons.