**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| SHANTA NOWELL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Case No. 5:23-cv-00060 JKP-RBF** |
| THE LINCOLN NATIONAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Lincoln National Life Insurance Company ("Defendant" or "Lincoln") files this Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff Shanta Nowell ("Plaintiff"), and states as follows:

## I.  PARTIES

1.      Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

2.      Lincoln admits it is an Indiana Corporation and that it is lawfully authorized to do business in Texas.  Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

## II.  JURISDICTION AND VENUE

3.      Lincoln admits that Plaintiff's claims are governed by Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.  Lincoln specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any

remedy or relief against Lincoln.  Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4.      Lincoln admits that venue of this action is proper in this Court.  To the extent that Paragraph 4 contains legal conclusions, Lincoln is not required to answer.  Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

### III.  FACTS AND ALLEGATIONS

5.      Lincoln admits that, prior to his death, Rodney Goodman (the "Decedent") was an employee of Whataburger Restaurants LLC ("Whataburger") and was a participant in the Whataburger Restaurants LLC Welfare Benefits Plan (the "Plan") sponsored by Whataburger to provide certain benefits to employees of Whataburger.  Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6.      Lincoln admits that, prior to his death, the Decedent was an employee of Whataburger, and was, at certain times, a participant in the Plan, benefits from which were, at certain times, insured by Group Life Insurance Policy No. SA3-890-462780-01 (the "Policy") issued by Lincoln to Whataburger.  Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.      Lincoln admits that benefits from the Plan were, at certain times, insured by the Policy issued by Lincoln to Whataburger and that Decedent was, at certain times, a participant in the Plan sponsored by Whataburger.  Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8.      Lincoln admits that Whataburger sponsored the Plan to provide certain benefits to participating, eligible employees of Whataburger and that the Policy issued by Lincoln to Whataburger, at certain times, insured benefits from the Plan. Lincoln admits Decedent was, at certain times, employed by Whataburger and a participant in the Plan, which included benefits

insured by the Policy.  To the extent that the allegations contained in Paragraph 8 seek to interpret the provisions of the Policy or documents governing the Plan, Lincoln refers to the Policy and the documents governing the Plan as the best evidence of their contents.  Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.     Upon information and belief, Lincoln admits the allegations contained in Paragraph 9 of the Complaint.

10.     Upon information and belief, Lincoln admits that Decedent died on March 25, 2022.  Lincoln admits that the administrative record upon which Plaintiff's claim for life benefits from the Plan under the Policy was evaluated by Lincoln contains documents reflecting the motor vehicle collision, Decedent's manner of death, and Decedent's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.     Lincoln admits that it sent a letter to Plaintiff dated August 17, 2022, and a letter to Plaintiff's counsel dated October 20, 2022, and Lincoln refers to the letters themselves as the best evidence of their contents.  Lincoln denies all remaining allegations contains in Paragraph 11 of the Complaint.

12.     Lincoln admits Plaintiff submitted a claim for life benefits and accidental death and dismemberment ("AD&D") benefits from the Plan under the Policy.  Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13.     Lincoln admits that by this action, Plaintiff is seeking recovery of AD&D benefits from the Plan, along with attorney's fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery.  Lincoln denies all remaining allegations contains in Paragraph 13 of the Complaint.

14.     Lincoln denies all allegations contained in Paragraph 14 of the Complaint.

15.     Lincoln denies all allegations contained in Paragraph 15 of the Complaint.

16.     To the extent that Paragraph 16 contains legal conclusions, Lincoln is not required to answer.  Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17.     Lincoln denies all allegations contained in Paragraph 17 of the Complaint.

18.     Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs 1-4 thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.     The relevant life benefits policy grants discretionary authority to Lincoln to determine eligibility for life benefits and AD&D benefits under the relevant life benefits policy, and Lincoln did not abuse its discretion in making decisions on Plaintiff's claim for life benefits and AD&D benefits from the Plan under the Policy.

3.     Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

4.     Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

5.     Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 27th day of March 2023.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

By: /s/ Iwana Rademaekers
        Iwana Rademaekers, Esq.
        Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

J. Price McNamara
Email:  price@jpricemcnamara.com


  March 27, 2023                                  /s/ Iwana Rademaekers
Date                                                   Iwana Rademaekers