

The Lincoln National Life Insurance Company
Disability and Life Claims Appeal
PO Box 2578
Omaha, NE 68172-9688
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-0401

October 20, 2022

J P. McNamara
Law Offices of J. Price McNamara
10455 JEFFERSON HIGHWAY
SUITE 130
BATON ROUGE, LA 70809

RE:    Deceased: Rodney Goodman
       Policyholder: Whatabrands LLC
       Policy #: SA3-890-462780-01
       Claim #: 12649472

Dear J McNamara:

We have completed our appeal review of the above-referenced claim for Accidental Death benefits under Group Life Insurance Policy No. SA3-890-462780-01 (hereinafter "Policy") issued by The Lincoln National Life Insurance Company (hereinafter "Lincoln") to Whataburger Restaurants LLC. and maintained the decision to deny benefits.

*Initial Claim Decision*

During the initial review, Rodney Goodman's claim was reviewed by Dr. Robert Millstein, MD a physician Board Certified in Internal Medicine.  Dr. Millstein indicated at the time of death the following Schedule II controlled substances were found in Mr. Goodman's blood: methamphetamine and amphetamine.  There was no evidence that Mr. Goodman had a valid prescription for either substance.  Methamphetamine is metabolized to amphetamine, but amphetamine is not metabolized to methamphetamine therefore the presence of both indicates the drug used by Mr. Goodman was methamphetamine.  Studies support that methamphetamine use at any blood level impairs judgement and increases risk taking. In addition, Mr. Goodman's blood level of alcohol 22 mg/dL, below the legal limit of 80 mg/dL, more likely than not would have contributed to drowsiness.  At the time of the accident Mr. Goodman had turned his car on a four lane highway into the far left lane of oncoming traffic, got out of his car and was struck by a motor vehicle. This behavior supported impairment in judgement and risk taking likely
caused by the use of methamphetamine and alcohol.

Accidental Death benefits were denied as Mr. Goodman voluntarily took controlled substances that were not prescribed or administered by a physician which contributed to or were the cause of his death.  Furthermore, the presence of alcohol in Mr. Goodman's blood raised the presumption that he was under the influence of alcohol which additionally contributed to the cause of his death.  The

1  of  6

EXHIBIT

____2____

**Lincoln/Nowell 069**

basis for the decision was outlined in a letter dated August 17, 2022.  Mr. Goodman's beneficiary, Shanta Nowell, was provided an opportunity to request an appeal review of the denial by submitting a written request stating the reasons why she felt that the claim should not have been denied and by submitting additional information to support the claim.

*Appeal*

We received your appeal request dated October 4, 2022 on October 5, 2022.

In support of the claim, you submitted the following information:

- Birth Certificate of Rodney Goodman
- Death Certificate of Rodney Goodman
- Texas Peace Officer's Crash Reports dated March 25, 2022
- Death Investigation Report dated June 27, 2022 from Kendall Von Crowns, MD
- Forensic Toxicology Results dated April 12, 2022 from Tarrant County Medical Examiner's Office
- Authorization completed by Shanta Nowell dated July 5, 2022
- Request for Copy of Examination Report form completed by Shanta Nowell dated April 26, 2022

*Appeal Evaluation*

To ensure a full and fair review on appeal, we have reviewed the information in the file in its entirety and have considered all information, facts and circumstances pertaining to this claim.

As part of the appeal evaluation, the claim was reviewed by Dr. Peggy Geimer, MD, a physician Board Certified in Internal Medicine and Preventive Medicine.  Based on her review of the available evidence, Dr. Geimer indicated the following:

*Ethanol: Ethanol was found in the heart blood, vitreous and urine of the decedent. Ethanol is not a DEA Controlled Substance. Based on the decedent's vitreous ethanol concentration, his blood alcohol concentration (calculated using Pearson's correlation coefficient) at the time of death was 0.021%. Blood alcohol concentrations between 0.0 and 0.05% may be associated with mild impairment such as mild speech, memory, and attention, coordination, and balance impairments. Sleepiness may be seen at this level. Blood alcohol concentrations of 0.02% typically cause some loss of judgment, relaxation, declining visual functions (rapid tracking of a moving target) and/or decline inability to perform two tasks at the same time (divided attention).*

*Methamphetamine: Methamphetamine was found in the heart blood of the decedent. His urine was positive for both methamphetamine and its metabolite amphetamine. Methamphetamine and amphetamine are DEA Schedule II drugs. There are no prescription records available to indicate that the deceased had a legal prescription for any medications containing methamphetamine. The concentration of methamphetamine found in the blood of the deceased is consistent with therapeutic use as well as with methamphetamine abuse. Side effects of methamphetamine include but are not limited to irritability, insomnia, tremors, anxiety, paranoia, aggressiveness, hallucinations, heightened sense of well-being, feelings of increased physical strength, poor impulse control and irrational behavior. Late effects include but are not limited to fatigue,*

**Lincoln/Nowell 070**

*sleepiness with sudden starts, restlessness, agitation, dysphoria, and delusions. Binge use is also associated with but not limited to rapid flight of ideas, obsessive/compulsive activity, thought blending, and uncontrollable sleepiness.*

Dr. Geimer concluded the medical evidence supported that methamphetamine caused or contributed to the death of Mr. Goodman.  Dr. Geimer additional opined alcohol may have also caused or contributed to the death of Mr. Goodman.

Accidental Death benefits are payable under the Policy only when a covered employee suffers a loss solely as the result of an accidental injury that occurs while covered. *See* Policy, Section 4. The Policy defines "Injury" to mean "bodily impairment resulting directly from an accident and independently of all other causes." The term "accident" is not defined. To determine whether loss is accidental, in this case, it is necessary to review this matter under the federal common law under ERISA.

The federal common law has developed a two-part test to determine whether a death is accidental. The decision-maker must consider the subjective expectations of the injured person. If it is determined the injured person did not expect an injury similar in type or kind to that suffered, the fact-finder must then examine whether the injured person's expectations were reasonable. The pertinent inquiry is whether a reasonable person, with background and characteristics similar to the injured person, would have viewed the injury as highly likely to occur as a result of the injured person's intentional conduct.

Subjectively, Mr. Goodman should have expected serious bodily injury or death to occur as a result of his drug use.  Even if Mr. Goodman did not expect serious bodily injury or death to occur as a result of his conduct, such expectations were objectively unreasonable, since a reasonable person in Mr. Goodman's position would have viewed serious bodily injury or death as highly likely to occur. This reasoning is based on well-known and documented clinical effects of methamphetamine on a person, including but not limited to irritability, insomnia, tremors, anxiety, paranoia, aggressiveness, hallucinations, heightened sense of well-being, feelings of increased physical strength, poor impulse control, and irrational behavior.  As such, we have determined that Mr. Goodman's death did not qualify as accidental as defined in the Policy, as it did not occur independently of all other causes.

On October 18, 2022, we e-mailed you a letter which included a copy of the clinical review performed in connection with your request for appeal.  You were given an opportunity to review and respond with any additional information that you would like considered before a final determination was made on the appeal.  A deadline for response was given of November 7, 2022.

We received your response dated October 19, 2022 at which time you indicated you would not be submitting additional evidence.  As such, we proceeded with our review of your appeal on behalf of Shanta Nowell.

*Conclusion*

We conducted a thorough and independent review of the entire claim. Based on the facts of the case and the terms of the Policy, we have determined the presence of controlled substances in Mr. Goodman's blood contributed to and/or caused the accident that occurred on March 25, 2022.  In addition, the documentation did not establish that the loss was solely due to an accidental death. The findings of the toxicology report, along with the other evidence on file, support that the presence of

**Lincoln/Nowell 071**

methamphetamine contributed to or caused the accident that resulted in the death of Rodney Goodman. As such, Mr. Goodman's death was not the direct result of an accident and independent of all other causes. Therefore, accidental death benefits are not payable under this Policy.

### The Policy

Whataburger Restaurants LLC.'s Group Life Insurance Policy states, in part:

### Benefits
*Accidental Death and Dismemberment benefits are payable when a Covered Person suffers a loss solely as the result of accidental Injury that occurs while covered...*

*"**Injury**" means bodily impairment resulting directly from an accident and independently of all other causes.*

### ACCIDENTAL DEATH AND DISMEMBERMENT EXCLUSIONS
*No benefits are payable for any loss that is contributed to or caused by:*
*1. war, declared or undeclared, or any act of war;*
*2. intentionally self-inflicted injuries, while sane or insane;*
*3. suicide, or suicide attempt, while sane or insane;*
*4. active Participation in a Riot;*
*5. committing or attempting to commit a felony or misdemeanor;*
*6. disease, bodily or mental illness (or medical or surgical treatment thereof);*
*7. infections, except septic infections of and through a visible wound;*
*8. controlled substances (as defined in Title II of the Comprehensive Drug Abuse Prevention and Control Act of 1970 and all amendments) that are voluntarily taken, ingested or injected, unless as prescribed or administered by a Physician;*
*9. serving full-time active duty in the Armed Forces of any country or international authority;*
*10. boarding, leaving or being in or on any kind of aircraft. However, this exclusion will not apply if the Covered Person is a fare paying passenger on a commercial aircraft or traveling as a passenger in any aircraft that is owned or leased by or on behalf of the Sponsor; or*
*11. the presence of alcohol in the Covered Person's blood which raises a presumption that the Covered Person was under the influence of alcohol and contributed to the cause of the accident. The blood alcohol level is governed by the jurisdiction of the state in which the accident occurred.*
*12. hazardous sports, including but not limited to, motor sports (land or water), mountain climbing, skydiving, parachuting, bungee jumping, hang gliding and scuba diving*

This claim decision reflects an evaluation of the claim facts and Policy provisions.

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, Ms. Nowell was entitled to appeal the decision made by Lincoln, and to submit any additional information she wished to be considered as part of the appeal. Lincoln has conducted a full and fair review of this appeal and we have determined that the denial of benefits will be maintained. At this time, the appeal process has been exhausted and no further review will be conducted by Lincoln.

You may request to receive, free of charge, copies of all documents relevant to Mr. Goodman's claim. Ms. Nowell has the right to bring a civil action under section 502(a) of ERISA following an

**Lincoln/Nowell 072**

adverse benefit determination on review.

Whataburger Restaurants LLC.'s Policy contains the below provision:

*Legal Proceedings*
*A claimant or the claimant's authorized representative cannot start any legal action:*
*1. until 60 days after Proof of claim has been given; or*
*2. more than one year after the time Proof of claim is required.*

If Mr. Goodman's plan is subject to ERISA, you may have other voluntary alternative dispute resolution options, such as mediation.  One way to find out what may be available is to contact Mr. Goodman's local U.S. Department of Labor Office or your state insurance regulatory agency.  In addition, once all required reviews of Mr. Goodman's claim have been completed, Ms. Nowell has the right to bring a civil action under applicable law.  Mr. Goodman's employer's plan has a contractual limitations period of one year, which means that a lawsuit must be brought within one year after the date written proof of claim or proof of dismemberment was required. The date on which the contractual limitations period expires for this claim is April 24, 2023.

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.  Nothing in this letter should be construed as a waiver of any Lincoln rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Lincoln are based on the provisions outlined in Whataburger Restaurants LLC.'s Policy. No internal rules, guidelines, protocols, standard or other similar criteria were relied upon in rendering the claim determination.

If you require language translation assistance, please contact Lincoln to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłįį' dóó ná'ookąąh nííní'ąągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtįįł nínízingo doo bą́ą́h ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

**Lincoln/Nowell 073**

If you have any questions regarding this matter, please contact me.

Sincerely,

Jennifer DiMaggio
Claim Resolution Specialist
Phone No.: (888) 437-7611 Ext. 59238
Secure Fax No.: (603) 334-0401

6 of 6

**Lincoln/Nowell 074**